| iTHIBODEAUX, Judge,
dissenting.
The judgment of the hearing officer is not reasonably supported by the record and is manifestly erroneous. There is simply too much objective evidence of an accident and an injury.
It is true that Ms. Davis contemporaneously suffered from hemorrhoidal and rectal fissure conditions. However, it appears that the hearing officer chose between one injury, the back injury, or the other physical prob *564 lems which hampered Ms. Davis. The hearing officer apparently did not consider that one could have work and non-work related problems occurring simultaneously. Ms. Davis unequivocally testified that she never realized the seriousness of her back injury until the hemorrhoids had abated. Thus, she did not report the injury to her employer. 12Additionally, she was afraid of losing her job if she had reported a work-related injury. It was only after she had definitively determined that her back problems were not related to the hemorrhoids but were due to the lifting incident at work that she informed her employer. The majority opinion penalizes an employee’s candor.
Dr. Shirley, one of the treating physicians, gave Ms. Davis pain medication for her back, not her hemorrhoids, on March 2,1995. The accident occurred on February 15, 1995. The pain medication was completely unrelated to hemorrhoids or fissures. On that same day, he detected muscle spasms which were consistent with a lifting, twisting type of injury. Furthermore, after April 15, 1995, approximately two months after the incident in question, Ms. Davis’ medical records did not indicate any problems with hemorrhoids or a rectal fissure; yet, her back and leg pains persisted. When she saw Dr. Juneau, another treating physician, she still had objective signs of a low back pain syndrome and was not having any problems with hemorrhoids for over eight months.
The objective evidence and the objectively-corroborated testimony militate too greatly in favor of rejecting the conclusions and judgment of the hearing officer. Bruno v. Harbert, International, Inc., 593 So.2d 357 (La.1992) concludes that, while an injured worker is not relieved from establishing a work-related accident by a preponderance of the evidence, the work-related accident requirement must be interpreted liberally and from the perspective of the worker. We have failed to follow these principles in this case.
For the foregoing reasons, I respectfully dissent.